**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL PASSARELLA, | |
| | NO. 5:10-PO-005 |
| v. | |
| | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA | |

**MEMORANDUM**

This is an appeal from the sentence of a Magistrate Judge for Speeding (36 C.F.R. 4.21(c)) and Possession of a Controlled Substance (36 C.F.R. 2.35(b)(2)). The Defendant was sentenced to three (3) months imprisonment on the possession conviction, and one (1) year of probation on the speeding violation. The Defendant appeals contending that the three months imprisonment on the possession charge is not reasonable, and that considering Defendant's circumstances if he has to serve three months, he should do so either on weekends or by home confinement.

Jurisdiction over this appeal is based on 18 U.S.C. §§ 3402 and 3742(h). The scope of review "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). In accordance with *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the standard of review of a sentence is reasonableness.

The Defendant contends the sentence of three months is not reasonable. I find that it is reasonable, and affirm the sentence of the Magistrate Judge.

The maximum sentence for Possession of a Controlled Substance under 36 C.F.R. 2.35(b)(2) is six (6) months and a $5000 fine. While the Sentencing Guidelines do not apply to this offense, 18 U.S.C. § 3553 does. The factors set forth in 18 U.S.C. § 3553(a) are well known and are as follows:

> (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (b) to afford adequate deterrence to criminal conduct;
> (c) to protect the public from further crimes of the defendant; and
> (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The court is further directed to impose a sentence that takes into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1));
> (2) the kinds of sentence available (§ 3553(a)(3));
> (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)); and
> (4) the need to provide restitution to any victims of the offense. (§ 3553(a)(7)).

Defendant urges that the drug offense involved the possession of two marijuana "blunts", and that under the Sentencing Guidelines, if applicable, Defendant would be eligible for a non-custodial sentence. It should be noted that at the time of the stop of the Defendant (he was clocked at 93 m.p.h.), there was a distinct odor of burnt marijuana coming from the car. The Defendant has an extensive criminal history relating to controlled substances, although they begin in 1982 and end in 1999 they are seven in number. During the same period, he has three convictions for other offenses. In addition, in 2007, he was convicted

2

of disorderly conduct and in 2008, he was convicted of Trademark Counterfeiting.  While it is argued that the drug offenses are stale, there is, nevertheless, a continuum of criminal conduct over the adult life of the Defendant.  The Defendant is now 48 years old and the last conviction was at age 46.  He has convictions at age 20, 28, 29, 33 (4), 34 (2), 37, 44, 46 and now 48.  This is a criminal history the Magistrate Judge could well have considered in fashioning the sentence he did.

In addition to noting the hardship on the Defendant in terms of employment, housing and medical issues (Defendant suffers rectal bleeding) that the sentence would mean, Defendant points out that the Government would have no objection to the service of the sentence on weekends.  These considerations neither bind the sentencing court, nor compel the conclusion that the Magistrate Judge's sentence was not reasonable.  I find that it was reasonable, and affirm the sentence imposed by the Magistrate Judge.

An appropriate Order follows.


Date: March 30, 2011                 /s/ A. Richard Caputo
                                     A. Richard Caputo
                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL PASSARELLA, | |
| | NO. 5:10-PO-005 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA | |

**ORDER**

**NOW**, this 30th day of March, 2011, **IT IS HEREBY ORDERED** that the Judgment of Conviction entered by Magistrate Judge Malachy E. Mannion on March 11, 2011 is **AFFIRMED**.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge